Jeffrey Keith Sandman
LA Bar No. 39073, *pending pro hac vice*
Webb Daniel Friedlander LLP
5208 Magazine St Ste 364
New Orleans, LA 70115
Phone: (978) 886-0639
e-mail: jeff.sandman@webbdaniel.law

D. Gill Sperlein
CA Bar No. 172887, pending *pro hac vice*
The Law Office of D. Gill Sperlein
345 Grove Street
San Francisco, CA 94102
Phone: 415-404-6615
e-mail: gill@sperleinlaw.com

Jerome Mooney
SBN 2303
Weston, Garrou & Mooney
50 West Broadway, #300
Salt Lake City, Utah 84101
Phone: 801-364-5635
e-mail: jerrym@mooneylaw.com

ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISCTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| FREE SPEECH COALITION; D.S. DAWSON; JOHN DOE; DEEP CONNECTION TECHNOLOGIES, INC.; CHARYN PFEUFFER; and JFF PUBLICATIONS, LLC, | PLAINTIFFS' MOTION FOR ORDER GRANTING LEAVE FOR PLAINTIFFS JOHN DOE, D.S. DAWSON, and DOMINIC FORD, who will testify on behalf of PLAINTIFF JFF PUBLICATIONS, LLC TO PROCEED PSEUDONYMOUSLY |
| Plaintiffs, | |
| v. | |
| JESS L. ANDERSON, in his official capacity as THE COMMISSIONER OF THE UTAH DEPARTMENT OF PUBLIC SAFETY; and SEAN D. REYES, in his official capacity as THE ATTORNEY GENERAL OF THE STATE OF UTAH, | Case No. 2:23-cv-00287-TS-DAO |
| | District Judge: Ted Stewart |
| | Magistrate Judge for Non-Dispositive Motions: Daphne A. Oberg |
| Defendants. | |

*Anonymity is a shield from the tyranny of the majority. . . . It thus exemplifies the purpose behind the Bill of Rights and of the First Amendment in particular: to protect unpopular individuals from retaliation . . . at the hand of an intolerant society.*

*McIntyre v. Ohio*, (1995) 514 U.S. 334, 357.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Requested Relief

Plaintiffs move this Honorable Court for leave for Plaintiff John Doe, Plaintiff D.S. Dawson, and Dominic Ford, who testifies on behalf of Plaintiff JFF Publications, LLC, to proceed in this matter pseudonymously.

### II.      Statement of Relevant Facts

In this action, six plaintiffs, representing an assortment of interests, bring a facial challenge to UTAH CODE ANN. 78B-3-1002 (the "Act"), which proports to protect children from sexual content that may be harmful to minors. To achieve its goals, the Act requires adults to provide identification papers as a prerequisite to viewing erotic material that is appropriate for adults but not for minors. One of the Plaintiffs, John Doe, believes he may suffer negative consequences for publicly acknowledging his interest in viewing such content by being a plaintiff in this action. Another plaintiff, D.A. Dawson, and a representative of a third plaintiff, Dominic Ford on behalf of JFF Publications, LLC, believe they may suffer negative consequences from being identified as providing erotic content to those who wish to view such content. Accordingly, Plaintiffs request that Plaintiff John Doe, Plaintiff D.A. Dawson, and Dominic Ford, be allowed to proceed in this action using pseudonyms.

### III.      Argument

Plaintiffs generally must identify themselves in their Complaint pursuant to Fed. R. Civ. P. 10(a).  Courts have recognized that the public has a common law right to inspect and copy judicial records, but that right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). In exercising its discretionary power to limit access to judicial records, "the court must consider the relevant facts and circumstances of the case and balance the public's right of access,

which is presumed paramount, with the parties' interests in sealing the record or a portion thereof." *Carefusion 213, LLC v. Professional Disposables*, 2010 WL 2653643, at *1 (D. Kan. 2010) (internal citations omitted).

### A. The Context of This Litigation Allows for the Use of Pseudonyms.

Although proceeding under a pseudonym in federal court is an "unusual procedure," [*Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) citing *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)], the Tenth Circuit has adopted three contexts in which a pseudonym is appropriate: 1) "matters of a highly sensitive and personal nature"; 2) cases involving a "real danger of physical harm"; and 3) instances "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." The Court must "weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, at 1246, *citing*, *M.M. v. Zavaras*, 139 F.3d 798, 802-03 (10th Cir. 1998); *Begay v. Pep Boys Manny Moe & Jack of Cal., Inc.* (D.N.M. Sep. 11, 2009, No. 09-197 WDS/DJS) 2009 U.S.Dist.LEXIS 139895, at *3-4, citing *Bryan v. Eichenwald*, 191 F.R.D. 650, 652 (D.Kan. 2000); *See also Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) *cert. den.* 444 U.S. 856 (held: use of a pseudonym requires an important privacy interest to be recognized)

While a "a generalized fear of retaliation or mere reputational harm is insufficient to outweigh the presumption in favor of public access to court filings" … "party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." (*United States ex rel. Doe v. Boston Scientific Corp.* (S.D.Tex. July 2, 2009, Civil Action No. H-07-2467) 2009 U.S.Dist.LEXIS 59390, at *8, citing, *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir.1981).

This matter involves two of the three contexts in which the Tenth Circuit has found the use of pseudonyms to be appropriate. First, the case involves "matters of a highly sensitive and personal nature" – namely providing and receiving erotic content. There can be no doubt that how adults interact with erotic material is a very private matter. Second, this is a classic example of a case "where the injury litigated against would be incurred as a result of the disclosure of the

plaintiff's identity." *Femedeer*, 227 F.3d at 1246. Plaintiffs in this matter object to the government requiring the presentation of identification papers as a prerequisite to viewing constitutionally protected erotic content. It would be oxymoronic to require Plaintiffs to reveal their identities in order to present their case.

> **B. Beyond the Context, Other Factors Support Allowing the Use of Pseudonyms Here.**

Despite Rule 10(a)'s command that the title of every complaint "include the names of all the parties," parties may proceed anonymously when special circumstances justify secrecy. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *See also, Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 190 (2d Cir. 2008); *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001); *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). A Texas District Court carefully surveyed cases from the circuits and compiled the following list of factors they have traditionally considered.

> These circuits agree that a party may preserve [his/her/their] anonymity in judicial proceedings when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. Courts examine several factors in making this determination:
>
> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice, if

4

any, differs at any particular stage of the litigation, and whether any
prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by
requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented
or otherwise, there is an atypically weak public interest in knowing the
litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the
confidentiality of the plaintiff.

*United States ex rel. Doe v. Boston Scientific Corp.* (S.D.Tex. July 2, 2009, Civil Action No. H-

07-2467) 2009 U.S.Dist.LEXIS 59390, at \*9. These factors overwhelmingly support the use of

pseudonyms here.

### 1. Sensitive and Personal Nature of Litigation –

As commented on above, Plaintiffs are challenging legislation that restrains their right to

distribute and access sexually expressive content. The choice to access sexually expressive

material is a sensitive and highly personal matter.

### 2. Risk of Retaliation –

This factor weighs slightly in favor of allowing Plaintiff Doe, Plaintiff Dawson, and Ford

to proceed using their pseudonyms. Although there is no particularized concern for retaliation here,

many people view sexually expressive material, and those who view it, with scorn. Plaintiffs are

therefore at risk of ostracization within their communities and their families. Accordingly, this

factor further supports the need for anonymity here.

### 3. Other Harms (including whether the injury litigated would be incurred as a result of disclosure) -

This factor was considered above as one of the contexts that the Tenth Circuit has

specifically deemed as being appropriate for allowing pseudonyms.

### 4. Special Harm Due to Age –

This factor is designed to protect children and does not apply here.

**5. Government Verses Private Parties –**

Here, Doe sues governmental actors, and thus this factor weighs in favor of granting the Motion.

**6. Prejudice to Defendant -**

Notably, this is not a case where permitting the Plaintiffs to proceed pseudonymously will disadvantage any of the Defendants.  Plaintiffs are willing to provide their identities to Defendants, provided a protective order is in place that would prohibit their identities from being disclosed in the public record. Thus, this factor also weighs in favor of allowing the use of a pseudonym.

**7. Plaintiff's Identity thus Far –**

Plaintiff files this motion concurrently with the Complaint in this action. Plaintiff has not made statements to the media or otherwise sought public attention relating to this matter. See, *Roe v. Patterson* (E.D.Tex. June 3, 2019, No. 4:19-cv-00179-ALM-KPJ) 2019 U.S.Dist.LEXIS 95314, at *13.) Plaintiffs' true names have not been publicly disclosed in connection to this matter and thus this factor supports allowing anonymity.

**8. Public's Interest in Plaintiff's Identity –**

 The public has no interest in Plaintiffs' identities. There can be no doubt that Plaintiffs have standing to bring these claims. They bring a purely legal facial challenge to a law that effects millions of people – many of whom could have brought the same or a similar challenge. "In certain situations, anonymity does not obstruct public scrutiny of the important issues in a case, and the public interest militates in favor of seeing the case decided on the merits*." County of El Dorado*, *supra* at **12-13 (citing *Advanced Textile*, 214 F.3d at 1067). Other than their desire to anonymously distribute or access erotic material, there is nothing particularly unique about these individuals and, beyond questions of standing, their identities have nearly no relevance to the claims advanced.

**9.   Legal Nature of the Issues Presented** -

As a facial challenge, this action presents purely legal challenges and will likely be decided on dispositive motions. This is precisely the type of claim that this factor singles out as being appropriate for the use of a pseudonym in litigation of the claims.

In a law review article that broadly condemns the use of pseudonyms in litigation, law professor and First Amendment scholar Eugene Volokh unflinching approves of the practice where Plaintiffs advance facial challenges to government action.

> The presumption against pseudonymity may be weakened when, "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities." This is particularly likely in facial challenges to government actions, where the litigant's identity is generally not important to analyzing the substantive questions (though it might bear on ancillary matters, such as the litigant's standing to bring the challenge).

Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 HASTINGS L.J. 1353,1378 (2022).

**10. Alternative Mechanisms** –

Allowing Plaintiff Doe, Plaintiff Dawson, and Ford to proceed using pseudonyms appears to be the sole method of protecting their identities. It is a method that fits well with this litigation and will have exceedingly little impact on the ability of the Parties and the Court to resolve the important First Amendment and other constitutional claims Plaintiffs advance.

Of the ten factors the Court must consider, nine of them weigh in favor of granting Plaintiffs' Motion. The other – the age of the Plaintiff – is not relevant.

**C.   The First Amendment Also Supports the Motion.**

The First Amendment not only protects the right to speak but also the "right to receive information and ideas." *Stanley v. Georgia*, 394 U.S. 557, 564 (1969). Whether disseminating or receiving ideas, the First Amendment protects anonymous communications.

"As a general proposition, anonymous speech is protected by the First Amendment." (*Justice for All v. Faulkner* (5th Cir. 2005) 410 F.3d 760, 764.) The anonymous pamphleteer is one of the enduring images of the American revolutionary heritage." (*Rancho Publications v.*

7

*Superior Court* (1999) 68 Cal.App.4th 1538, 1540–1541.) Founders Alexander Hamilton, James Madison, and John Jay wrote the Federalist Papers under the pseudonym "Publius" and "the Federal Farmer" spoke up in rebuttal. "[T]he Supreme Court has noted, inter alia, the importance of anonymity as a means of permitting 'persecuted groups and sects' to 'criticize oppressive practices and laws.'" *Faulkner*, at 764, *citing*, *Talley v. California*, 362 U.S. 60, 64 (1960).

Thus, the First Amendment also buttresses, Plaintiffs' requests that Plaintiff Doe, Plaintiff Dawson, and Ford to use pseudonyms in this litigation.

**WHEREFORE**, Plaintiffs respectfully request that this Court issue an order granting Plaintiff Doe, Plaintiff Dawson, and Ford leave to proceed in this civil action through the use of pseudonyms.

Respectfully submitted,

Dated: May 4, 2023                    */s/ Jerome Mooney*
                                      _____
                                      Jerome Mooney
                                      WESTON, GARROU & MOONEY

                                      D. Gill Sperlein (pro hac vice pending)
                                      THE LAW OFFICE OF D. GILL SPERLEIN

                                      Jeffrey Keith Sandman (pro hac vice pending)
                                      WEBB DANIEL FRIEDLANDER LLP

                                      Attorneys for Plaintiffs