Jeffrey Keith Sandman (*pro hac vice*)  
Webb Daniel Friedlander LLP  
5208 Magazine St Ste 364  
New Orleans, LA  70115  
Phone: (978) 886-0639  
e-mail: jeff.sandman@webbdaniel.law

D. Gill Sperlein (*pro hac vice* )  
The Law Office of D. Gill Sperlein  
345 Grove Street  
San Francisco, CA  94102  
Phone: 415-404-6615  
e-mail: gill@sperleinlaw.com

Jerome Mooney (SBN 2303)  
Weston, Garrou & Mooney  
50 West Broadway, #300  
Salt Lake City, Utah  84101  
Phone: 801-364-5635  
e-mail: jerrym@mooneylaw.com

ATTORNEYS FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| FREE SPEECH COALITION, INC.; D.S. DAWSON; JOHN DOE; DEEP CONNECTION TECHNOLOGIES, INC.; CHARYN PFEUFFER; and JFF PUBLICATIONS, LLC, <br><br>    Plaintiffs, <br><br>    v. <br><br>JESS L. ANDERSON, in his official capacity as THE COMMISSIONER OF THE UTAH DEPARTMENT OF PUBLIC SAFETY; and SEAN D. REYES, in his official capacity as THE ATTORNEY GENERAL OF THE STATE OF UTAH, <br><br>    Defendants. | STIPULATED REQUEST TO EXCEED PAGE LIMITS ON PRELIMINARY INJUNCTION BRIEFS <br><br><br> CASE NO.: 2:23-cv-287-TS-DAO <br><br><br> JUDGE STEWART <br> MAG. JUDGE OBERG |

Pursuant to DUCivR 7-1(a)(6)(A) and upon the Stipulation of Defendants, Plaintiffs respectfully request leave to exceed page limits relevant to Plaintiffs' anticipated Motion for Preliminary Injunction.

Local Rules provide that Motions and Responses for Preliminary Injunction may not exceed 25 pages or 7,750 words. (DUCivR 7-1(a)(4)(C)(i)). Replies are limited to 10 pages or 3,100 words. (*Id*. at ii). When making a request for additional pages, local rules require that the request set forth the number of pages needed and a statement of good cause. Plaintiffs' Counsel posits that this is a situation appropriate for such an exception.

**DUCivR 7-1(a)(6)(A)(i) (Number of Pages Needed) -** Plaintiffs request 10 additional pages (a total of 35 pages) for their Motion for Preliminary Injunction. Defendants do not stipulate to any facts alleged in this motion or Plaintiffs' characterization of the law cited herein but agree to Plaintiffs' request--provided they are granted an equal number of additional pages (a total of 35 pages) for their Response.  Plaintiffs request 5 additional pages for their Reply for a total of 15 pages.

**DUCivR 7-1(a)(6)(A)(ii) (Statement of Good Cause) -** This matter involves constitutional challenges to UTAH CODE ANN. § 78B-3-1002 (the "Act"), which imposes civil liability for damages to private individuals on certain websites that knowingly and intentionally publishes or distributes material harmful to minors without verifying the age of individuals visiting those websites. Six different Plaintiffs bring claims under the First and Fourteenth Amendment to, and the Commerce Clause of, the United States Constitution.[1] One Plaintiff brings an additional Claim that the Act violates 47 U.S.C. § 230(e)(3) and thereby violates the Supremacy Clause. Each of the constitutional claims involves multiple complex legal theories, particularly the First Amendment Claim contending that the Act is: (a) a content-based restriction on speech that fails to survive strict scrutiny, (b) substantially overbroad, (c) a presumptively unconstitutional prior restraint on

---

[1] Plaintiffs are making final edits to their Motion for Preliminary Injunction which may not be based on all claims or theories within those claims.

speech, (d) compelled speech; and (e) void for vagueness.

Other courts have pointed out the particularly complex nature of First Amendment jurisprudence. *Guerrero v. Munoz* (D.P.R. Aug. 9, 2002, No. 98-1425 (DRD)) 2002 U.S.Dist.LEXIS 20236, at *21 ("[T]he tests and legal standards in the First Amendment context are 'notoriously fuzzy,' essentially "because the cases deal under the same head with very different problems and 'justifications.'") (citing *Flynn v. City of Boston*, 140 F.3d 42, 46 (1st Cir. 1998)); *Freeman v. Morris*, No. 11-cv-00452-NT, 2011 U.S. Dist. LEXIS 141930, at *12 (D. Me. Dec. 7, 2011) (referring to "the complex thicket that is First Amendment analysis").

Even separate questions within the various First Amendment theories are on their own complex. *See, e.g., Comcast of Maine/New Hampshire, Inc. v. Mills,* 435 F. Supp. 3d 228, 249, n. 14 (D.Me. 2019)("The issue of how well-developed the legislative record needs to be and how much deference should be accorded to the legislature if a law infringes on First Amendment freedoms is complex.").There are equally complex Fourteenth Amendment claims. Even the Commerce Clause and Section 230 claims require more attention than usual because the effect of recent Supreme Court decisions on those issues needs to be addressed.  *See*, *e.g*., *Nat'l Pork Producers Council v. Ross*, No. 21-468, 2023 WL 3356528 (U.S. May 11, 2023)

Importantly, there are six different Plaintiffs in this action: a trade association for the adult entertainment industry, an erotic fiction writer living in Utah, a Utahn lawyer who accesses websites affected by the Act as part of his client representation, a sex education website, an erotic performer and author, and an internet platform that allows independent producers of erotic material to sell their works on a subscription basis. Plaintiffs contend the Act affects each of them in unique ways. Plaintiffs therefore require additional space to explain how the Act affects them and how those various effects relate to the numerous complex claims and theories.

Accordingly, Plaintiffs, with the stipulation of the Defendants as identified herein, respectfully request leave to exceed the page limits set by local rules.

Respectfully Submitted,

Date: May 25, 2023

By  /s/ D. Gill Sperlein

D. Gill Sperlein (*pro hac vice*)
THE LAW OFFICE OF D. GILL SPERLEIN

Jeffrey Keith Sandman (*pro hac vice*)
WEBB DANIEL FRIEDLANDER LLP

Jerome Mooney
WESTON, GARROU & MOONEY

Attorneys for Plaintiffs

So Stipulated:

Date: May 25, 2023

By  /s/ David N. Wolf

DAVID N. WOLF
Assistant Utah Attorney General

Attorney for Defendants