DAVID N. WOLF (6688)
LANCE F. SORENSON (10684)
JASON DUPREE (17509)
Assistant Utah Attorneys General
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FREE SPEECH COALITION, INC., et al, <br><br> *Plaintiffs*, <br><br> v. <br><br> JESS L. ANDERSON, et al, in their official capacities, <br><br> *Defendants*. | **DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF** <br><br> **(Oral Argument Requested)** <br><br> Case No. 2:23-CV-00287 <br><br> Judge Ted Stewart <br> Magistrate Judge Daphne A. Oberg |

## MOTION

Defendants Commissioner Jess L. Anderson and Attorney General Sean D. Reyes (collectively, "Defendants") respectfully move the Court for an order dismissing Plaintiffs' Complaint pursuant to Rule 12(b)(1). This Court lacks jurisdiction because there is no case or controversy between Plaintiffs and these Defendants. Relatedly, the *Ex Parte Young* exception to sovereign immunity does not apply because the Defendants are not tasked with enforcing S.B. 287 (the "Act").

1

# MEMORANDUM

## Introduction

Recent binding precedent from the United States Supreme Court emphasizes that a federal district court lacks power to "enjoin the world at large" or to "enjoin challenged laws themselves."[1] Federal courts "enjoy the power to enjoin individuals tasked with enforcing laws, not the laws themselves."[2] Here, neither Defendant Anderson nor Defendant Reyes is tasked with enforcing the Act. Rather, the Act creates a *private* cause of action.[3] As Plaintiffs correctly pleaded in their Complaint, "the Act creates a private right of action by which Utah residents – and not state actors – are empowered to [enforce the Act]."[4] The Court cannot enjoin Defendants from doing something they lack statutory authority to do in the first place, nor can the Court treat Defendants as a type of proxy stand-in for parties that might be averse to Plaintiffs in a later lawsuit.[5]

Moreover, the Court may not declare a law unconstitutional and then enjoin its enforcement without a case or controversy.[6] Such an action would go far beyond the jurisdictional limits of the judiciary defined by Article III and the separation of powers. The Supreme Court rejected this very type of pre-enforcement legal action less than two years ago in *Whole Woman's Health v. Jackson*. That case is controlling here.

---

[1] *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 535 (2021) (internal citations omitted).
[2] *Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021).
[3] *See* UTAH CODE § 78B-3-1002(3) ("A commercial entity that is found to have violated this section shall be liable to an individual for damages . . ."); *see also* Pls.' Compl., ECF No. 2, ¶ 1.
[4] Pls.' Compl., ECF No. 2, ¶ 63 (emphasis in original).
[5] *Whole Woman's Health*, 142 S. Ct. at 535.
[6] *See* U.S. CONST., ART. III.  For the same reason, Plaintiffs' request for a preliminary injunction to which Defendants respond separately must also fail.

The lack of a case or controversy between the parties precludes not only injunctive relief, but also Plaintiffs' pre-enforcement request for declaratory relief. Even for declaratory relief, a plaintiff must still satisfy the Case or Controversy Clause by establishing standing – a redressable injury that is traceable to the actions of defendants.[7]

The Supreme Court "has never recognized an unqualified right to pre-enforcement review of constitutional claims in federal court."[8] "The truth is . . . those seeking to challenge the constitutionality of state laws are not always able to pick and choose the timing of their preferred forum for their arguments."[9] Does this mean that Plaintiffs are without access to the courts to vindicate their alleged constitutional rights? Of course not. As the Supreme Court said, "any individual sued under [a challenged law] may pursue state and federal constitutional arguments in his or her defense. Still further viable avenues to contest [a] law's compliance with the Federal Constitution also may be possible."[10] This particular case, however, should be dismissed for lack of jurisdiction and because Defendants are immune from suit.

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to raise subject matter jurisdiction as a defense to a complaint. Indeed, a federal court has an independent duty to assure that any litigation before it falls within one of the judiciary's enumerated jurisdictions of Article III, including the Case or Controversy clause. The Court must assure itself of jurisdiction before deciding any substantive issues, such as those raised in Plaintiffs'

---

[7] *See, e.g.*, *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011).
[8] *Whole Woman's Health*, 142 S. Ct. at 537-38.
[9] *Id.* at 537.
[10] *Id.*

Motion for Preliminary Injunction. "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception."[11] In *Steel*, the Supreme Court put a stop to the Ninth Circuit's practice of "assuming" jurisdiction in order to reach the merits of a case.[12] Jurisdiction in this case is also a threshold matter that must be addressed first.

### STATEMENT OF FACTS

1. The Utah Legislature enacted the Act in its general 2023 session.[13]

2. The Act states that a commercial entity shall be liable to an individual for damages resulting from a minor accessing material that is harmful to minors if the commercial entity's website contains more than one-third such material and the entity failed to perform reasonable age verification methods to verify the ages of persons accessing the entity's published material on the internet.[14]

3. The Act creates a private cause of action and does not provide for any type of state enforcement.[15]

4. The Complaint does not allege that either Defendant Anderson or Defendant Reyes are charged with enforcing the Act. To the contrary, the Complaint specifically acknowledges that the Act creates a private cause of action, and that state actors have no role in its enforcement.[16]

---

[11] *Steel v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).
[12] *Id*.
[13] *See* UTAH CODE § 78B-3-1001 *et seq*.
[14] *Id*. at § 1002.
[15] *Id*. *See also* Pls.' Compl., ECF No. 2, ¶ 63.
[16] *See* Pls." Compl., ECF No. 2, ¶ 63.

## ARGUMENT

### I.   Federal courts do not have unlimited jurisdiction, even when exercising equitable power

Just as federal legislative power is enumerated in Article I and is therefore defined and limited, federal judicial jurisdiction is enumerated in Article III and is also defined and limited. "Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of 'Cases' or 'Controversies.'"[17] For there to be a "case" or "controversy," there must a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions.[18]

A court acting in equity, such as ruling upon requests for declaratory and injunctive relief, may not depart from the case or controversy requirement. "A court of equity is as much so limited as a court of law. Consistent with historical practice, a federal court exercising its equitable authority may enjoin named defendants from taking specified unlawful actions. But . . . no court may lawfully enjoin the world at large or purport to enjoin challenged laws themselves."[19]

Here, because the Act creates a private cause of action, Plaintiffs are asking the Court to issue a universal injunction, or "enjoin the world at large."[20] But the Court lacks power to do that. The Court only has power to enjoin individuals, not laws. And because Commissioner

---

[17] *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011) (citing U.S. CONST. art. III, § 2, cl. 1).
[18] *Rio Grande Foundation v. Oliver*, 57 F.4th 1147, 1159 (10th Cir. 2023).
[19] *Whole Woman's Health*, 142 S. Ct. at 535.
[20] *See* UTAH CODE § 78B-3-1002(3); *see also Whole Woman's Health*, 142 S. Ct. at 535. Plaintiffs ask the Court to enjoin "Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the Act." Pls.' Compl., ECF No. 2, p. 31.

Anderson and Attorney General Reyes lack authority to enforce the Act, there is nothing this Court can enjoin them from doing.

In its procedural and jurisdictional elements, this case is identical to *Whole Woman's Health*. In *Whole Woman's Health*, Texas created a private cause of action with respect to abortion regulation, leaving no enforcement power with the Texas Attorney General.[21] Abortion, at the time, was considered a fundamental right protected by the United States Constitution. The plaintiff in the case sought a pre-enforcement injunction. The question of whether the plaintiff could obtain a universal injunction went to the Supreme Court twice, first in an emergency setting, and then again after full briefing. In both instances, the Supreme Court held that federal courts lack jurisdiction to entertain suits against parties who have no power of enforcement.[22] This case is the same. As in *Whole Woman's Health*, the Court should find there is no case or controversy between these parties and therefore the Court lacks jurisdiction.

This case is also similar to *Brown v. Buhman*.[23] There, the Tenth Circuit dismissed a case under Article III because it did not present a live case or controversy. In *Brown*, the plaintiff challenged Utah's bigamy statute as unconstitutional. Although the Utah County Attorney's Office ("UCAO") had opened an investigation into the plaintiff's conduct, once UCAO subsequently adopted a policy (like that of Utah's Attorney General) whereby it would not prosecute bigamy violations except as secondary offenses and thereby concluded its investigation into the plaintiff, the case became moot. The Tenth Circuit held that the district

---

[21] The Texas law allowed Texas licensing officials to revoke licenses of those providing abortions and the Supreme Court allowed the case to proceed against those officials, but not the Texas Attorney General.
[22] *See Whole Woman's Health*, 141 S. Ct. at 2494 and *Whole Woman's Health*, 142 S. Ct. at 539.
[23] 822 F.3d 1151 (10th Cir. 2016).

court erred when it proceeded to address the constitutionality of the statute that was still on the books but would not be enforced against the plaintiff. This is because there was no case or controversy and thus no jurisdiction.[24]

Here, too, it would be reversible error to address the constitutionality of the Act in the absence of a live case and controversy. The case for non-justiciability is even stronger here than in *Brown*. In *Brown*, law enforcement was statutorily authorized to prosecute, but adopted a policy not to do so. Here, Defendants lack even the statutory authority to prosecute. The case is not ripe until there is a live case or controversy between adverse parties.

### II.     The Court may not enjoin private parties by proxy

The petitioners in *Whole Woman's Health* advanced an alternative argument, by which they suggested that an injunction binding the state attorney general "would also automatically bind any private party who might try to bring . . . suit against them."[25] But the Court stated that this theory "suffers from some obvious problems."[26]

The Court noted that even if the attorney general had some kind of enforcement authority of his own (which he did not), the petitioners "have identified nothing that might allow a federal court to parlay that authority, or any defendant's enforcement authority, into an injunction against any and all unnamed private persons who might seek to bring their own . . . suits."[27] The Court noted that similar arguments might be raised against well-established statutory schemes such as private attorney general acts, statutes allowing for private rights of action, tort law,

---

[24] *Id.* at 1163.
[25] *Whole Woman's Health*, 142 S. Ct. at 534.
[26] *Id.*
[27] *Id.* at 535.

7

federal antitrust law, and even the Civil Rights Act of 1964.[28] Should the Court cast aside its jurisdictional limitations for one case, there is no limiting principle for the other types of cases for which it must then cast aside the case or controversy requirement.

Here, Defendants may not be used as proxies to enjoin any and all unnamed parties who may sue Plaintiffs in the future but are not presently before the Court.

### III.     The *Ex parte Young* exception to sovereign immunity does not apply

Plaintiffs' claims against the Defendants fail for a separate, but related, reason. Because Defendants do not enforce the Act, the *Ex parte Young* exception to sovereign immunity does not apply.

Sovereign immunity shields a state and its officers from suit.[29] In *Ex parte Young*, the Supreme Court "established an important limit on the sovereign immunity principle."[30] A state official who enforces an unconstitutional legislative enactment is "stripped of his official or representative character" of the State.[31] *Ex parte Young* "rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes. The doctrine is limited to that precise situation..."[32] Because an *Ex parte Young* injunction "commands a state official to ... refrain from violating federal law," it cannot issue if the state official does not enforce the law being challenged.[33] If the defendant does not enforce the

---

[28] *Id.*
[29] *See Virginia of Protection and Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("Sovereign immunity is the privilege of the sovereign not to be sued without its consent").
[30] *Id.* at 254.
[31] *Id.*
[32] *Id.* at 255 (citation omitted).
[33] *Id.*; *Ex parte Young,* 209 U.S. at 157.

challenged state law, then the plaintiff "is merely making him a party as a representative of the state, and thereby attempting to make the state a party," which sovereign immunity forbids.[34]

Under the text of the Act itself, Defendants lack state law authority to enforce the law, whether directly or indirectly. Even cases taking a broad view of the *Ex parte Young* exception recognize that it applies to "a state official who enforces [an unconstitutional state] law," not all state officials.[35] Because the Defendants are not acting at all, the *Ex parte Young* fiction does not apply. A plaintiff should not be allowed to sue in federal court to stop state officials from doing what they were already *not* doing.

Allowing Plaintiffs to sue Defendants who do not enforce the Act would upend basic principles of judicial review. "The party who invokes the power [of judicial review] must be able to show, not only that the statute is invalid, but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement . . ."[36] If relief is warranted, "the court enjoins, in effect, not the execution of the statute, but the acts of the official, the statute notwithstanding."[37]

In this case, however, Plaintiffs' alleged injuries flow from the existence of the law and its potential use by unidentified private parties, not any enforcement by Defendants. As a result, the Court cannot enjoin "the execution of the statute," much less "the acts of [any] official," because neither of the Defendants execute the Act.[38] In substance, Plaintiffs ask this Court to strike down

---

[34] *Ex parte Young,* 209 U.S. at 157.
[35] *Stewart*, 563 U.S. at 254*; see also Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (observing the exception applies to "state officials acting in violation of federal law").
[36] *Commonwealth of Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923).
[37] *Id.*; *see also United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1585–86 (2020) (Thomas, J., concurring); *cf. Collins*, 141 S. Ct. at 1779.
[38] *Mellon*, 262 U.S. at 488.

the Act "on the ground that [it is] unconstitutional."[39] "To do so would be, not to decide a judicial controversy, but to assume a position of authority over the governmental acts of [a sovereign State], an authority which plainly [federal courts] do not possess."[40]

### IV. An allegation of chilled free speech does not remove the case or controversy requirement

Plaintiffs allege in their Complaint that merely having the Act on the books chills their free speech, even if private party enforcement is not imminent.[41] The Supreme Court expressly rejected this argument in *Whole Woman's Health*. "As our cases explain, the 'chilling effect' associated with a potentially unconstitutional law being 'on the books' is insufficient to 'justify federal intervention' in a pre-enforcement suit. Instead, this Court has always required . . . compliance with traditional rules of equitable practice."[42] The Court noted that it had "consistently applied these [jurisdictional] requirements whether the challenged law in question is said to chill the free exercise of religion, the freedom of speech, the right to bear arms, or any other right. The petitioners are not entitled to a special exemption."[43] Here, also, Plaintiffs are not entitled to a special exemption from the case or controversy requirement, even if they allege that their speech is chilled.

### V. Plaintiffs are not without remedy

Plaintiffs may complain that the structure of the statute leaves them with no state official to sue in order to challenge this law. But the absence of a state defendant "is not a reason to find

---

[39] *Id.*
[40] *Id.* at 488–89.
[41] Pls.' Compl., ECF No. 2, pp. 20-23.
[42] *Whole Woman's Health*, 142 S. Ct. at 538.
[43] *Id*.

standing."[44] Nor does this leave Plaintiffs open to suits across the State with no hope of redress for a constitutional injury. They can raise their constitutional arguments as a defense in an action brought under the Act in state court. A state court may not be Plaintiffs' preferred forum, but state courts are permitted to consider federal constitutional questions.[45]

The Supreme Court also addressed this issue in *Whole Woman's Health*. "[A]ny individual sued under [an allegedly unconstitutional] law may pursue state and federal constitutional arguments in his or her defense . . . To this day, many federal constitutional rights are as a practical matter asserted typically as defenses to state-law claims, not in federal pre-enforcement cases like this one."[46] "In fact, federal question jurisdiction did not even exist for much of this Nation's history."[47] The Court pointed to the First Amendment free speech case of *Snyder v. Phelps* as an example.[48] Other cases where free speech rights were vindicated in private civil cases include: *New York Times Co. v. Sullivan*,[49] *Gertz v. Robert Welch, Inc.*,[50] and *Hustler Magazine v. Falwell*.[51]

This Court should not create wide-ranging exceptions to Article III standing requirements to accommodate Plaintiffs' suit against Defendants who are without any authority to enforce the challenged law, in part, because Plaintiffs are not without remedy in the courts.

---

[44] *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 489 (1982).
[45] *Stone v. Powell*, 428 U.S. 465, 494 n.35 (1976) ("State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law.").
[46] *Whole Woman's Health*, 142 S. Ct. at 538.
[47] *Id.*
[48] 562 U.S. 443 (2011).
[49] 376 U.S. 254 (1964).
[50] 418 U.S. 323 (1974).
[51] 485 U.S. 46 (1988).

## CONCLUSION AND REQUEST FOR ORAL ARGUMENT

This case falls squarely within the precedent of *Whole Woman's Health*. The Court may not exercise jurisdiction here because there is no case or controversy between Plaintiffs and these Defendants. Defendants are not charged with enforcing the Act. Thus, sovereign immunity applies, and the case must be dismissed pursuant to Article III and Rule 12(b)(1).

Good cause exists pursuant to DUCivR 7-1(f) for the Court to hear and issue its ruling on this Motion to Dismiss prior to deciding Plaintiffs' Motion for Preliminary Injunction because, if the Court lacks jurisdiction, it cannot issue any injunction and a hearing on Plaintiffs' motion would be futile. Defendants respectfully suggest the Court hear this Motion to Dismiss on July 17, 2023 at the outset of the hearing currently scheduled on Plaintiffs' Motion for Preliminary Injunction. The Court's stipulated briefing order has already built in deadlines on this Motion such that it will be fully briefed before July 17.[52]

DATED: June 14, 2023

OFFICE OF THE UTAH ATTORNEY GENERAL

*Lance Sorenson*
DAVID WOLF
LANCE SORENSON
JASON DUPREE
Assistant Utah Attorneys General
*Counsel for Defendants*

---

[52] *See* Order, ECF No. 28.

## CERTIFICATE OF SERVICE

      I hereby certify that on June 14, 2023, I electronically filed the foregoing, **DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF** by using the Court's electronic filing system which will send a notice of electronic filing to the following:

Jeffrey Keith Sandman
D. Gill Sperlein
Jerome Mooney
jeff.sandman@webbdaniel.law
gill@sperleinlaw.com
jerrym@mooneylaw.com

*Counsel for Plaintiffs*

                                                     UTAH ATTORNEY GENERAL'S OFFICE

                                                     */s/ Seth A. Huxford*
                                                     Seth A. Huxford