UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| FREE SPEECH COALITION; D.S. DAWSON; JOHN DOE; DEEP CONNECTION TECHNOLOGIES, INC.; CHARYN PFEUFFER; and JFF PUBLICATIONS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JESS L. ANDERSON, in his official capacity as the Commissioner of the Utah Department of Public Safety; and SEAN D. REYES, in his official capacity as the Attorney General of the State of Utah, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE FOR JOHN DOE, D.S. DAWSON, AND DOMINIC FORD TO PROCEED PSEUDONYMOUSLY** <br> **(DOC. NO. 8)** <br><br> Case No. 2:23-cv-00287 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Free Speech Coalition, D.S. Dawson, John Doe, Deep Connection Technologies, Inc., Charyn Pfeuffer, and JFF Publications, LLC (collectively "Plaintiffs") filed suit against Jess L. Anderson, Commissioner of the Utah Department of Public Safety, and Sean D. Reyes, Attorney General of the State of Utah, challenging the constitutionality of section 78B-3-1002 of the Utah Code.[1] Plaintiffs D.S. Dawson and John Doe and nonparty Dominic Ford—an individual who will testify on behalf of Plaintiff JFF Publications, LLC—(the "pseudonym plaintiffs") have filed a motion seeking leave to proceed by pseudonym.[2] The motion is unopposed.

---

[1] (Compl., Doc. No. 2); *see also* Utah Code Ann. § 78B-3-1002.

[2] (Pls.' Mot. for Order Granting Leave for Pls. to Proceed Pseudonymously ("Mot."), Doc. No. 8.)

1

Because the injury being litigated would be felt if the pseudonym plaintiffs' identities were disclosed, and where this case implicates matters of a highly sensitive and personal nature, the motion is granted.[3]

## BACKGROUND

In 2023, the Utah State Legislature enacted, and Governor Spencer Cox signed into law, S.B. 287, which is now codified at sections 78B-3-1001 and 78B-3-1002 of the Utah Code ("the Act"). The Act aims to protect children from sexual content which may be "harmful to minors."[4] Plaintiffs filed this action on May 3, 2023, alleging the Act "places substantial burdens on Plaintiff website operators, content creators, and countless others who use the internet by requiring websites to age-verify every internet user before providing access to non-obscene material" which meets the State's definition of "material harmful to minors."[5] Put another way, the Act "requires adults to provide identification papers as a prerequisite to viewing erotic material that is appropriate for adults but not for minors."[6] The Act imposes liability for any "individual for damages resulting from a minor's accessing [harmful] material, including court costs and reasonable attorney fees as ordered by the court."[7] Plaintiffs allege the Act violates the

---

[3] Oral argument is unnecessary; this decision is based on the parties' written memoranda. *See* DUCivR 7-1(g).

[4] (*See* Mot. 2, Doc. No. 8); Utah Code Ann. § 78B-3-1002.

[5] (Compl. ¶ 1, Doc. No. 2); *see also* Utah Code Ann. § 78B-3-1001(5) (defining "material harmful to minors").

[6] (Mot. 2, Doc. No. 8.)

[7] Utah Code Ann. § 78B-3-1002(3).

First and Fourteenth Amendments as well as the Commerce and Supremacy Clauses of the United States Constitution.[8]

The pseudonym plaintiffs filed the instant motion arguing they should be allowed to proceed anonymously. Pseudonym plaintiff John Doe is a 74-year-old attorney who represents various adult bookstores and sexual device manufacturers.[9] This representation requires him to occasionally visit websites containing substantial amounts of material which may be deemed harmful to minors under the Act.[10] He "believes he may suffer negative consequences for publicly acknowledging his interest in viewing such content by being a plaintiff in this action."[11]

Pseudonym plaintiff D.S. Dawson writes and sells "gay erotica" on the e-commerce platform Gumroad.[12] He increases traffic to this site by posting previews on adult sites, such as PornHub and xHamster.[13] D.S. Dawson "believe[s] [he] may suffer negative consequences from being identified as providing erotic content to those who wish to view such content."[14]

Pseudonym plaintiff Dominic Ford is a nonparty representative who plans to testify on behalf of plaintiff JFF Publications, LLC.[15] JFF Publications operates an internet-based platform allowing independent producers and/or performers of erotic audiovisual works to publish their

---

[8] (*See* Compl. ¶ 2, Doc. No. 2); *see also* U.S. Const. amend. I, XIV; U.S. Const. art. I, § 8, cl. 3; U.S. Const. art. 4, cl. 2.

[9] (Compl. ¶ 14, Doc. No. 2.)

[10] (*Id.*)

[11] (Mot. 2, Doc. No. 8.)

[12] (Compl. ¶ 13, Doc. No. 2.)

[13] (*Id.*)

[14] (Mot. 2, Doc. No. 8.)

[15] (*Id.* at 1–2.)

content and provide access to fans on a subscription basis.[16] Dominic Ford, acting on behalf of JFF Publications, "believe[s] [he] may suffer negative consequences from being identified as providing erotic content to those who wish to view such content."[17]

## LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[18] No provision in the federal rules permits "suits by persons using fictitious names" or "anonymous plaintiffs."[19] However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[20] Exceptional circumstances include those "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[21] In deciding whether to preserve anonymity, the court weighs these exceptional circumstances against the public's interest in access to legal proceedings.[22] Courts

---

[16] (*See* Compl. ¶ 17, Doc. No. 2.)

[17] (Mot. 2, Doc. No. 8.)

[18] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).

[19] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[20] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

[21] *Id.* (internal quotation marks omitted). The pseudonym plaintiffs cite *U.S. ex rel. Doe v. Boston Scientific Corporation*, No. H-07-2467, 2009 U.S. Dist. LEXIS 59390, at *9 (S.D. Tex. July 2, 2009) (unpublished), for a list of ten factors the court should consider regarding the issue of anonymity. However, the pseudonym plaintiffs have cited no Tenth Circuit case in which a court adopts these factors. Therefore, they are considered only to the extent they conform with the three "exceptional circumstances" enumerated by the Tenth Circuit. *See Doe v. Wang*, No. 20-cv-02765-RMR-MEH, 2021 U.S. Dist. LEXIS 250086, at *7 n.2 (D. Colo. Nov. 8, 2021) (unpublished) (taking the same approach).

[22] *See Femedeer*, 227 F.3d at 1246.

enjoy "discretion [in] allow[ing] a plaintiff to proceed using a pseudonym."[23] If a court grants permission for plaintiffs to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[24] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[25]

## ANALYSIS

The pseudonym plaintiffs contend this case implicates two of the three "exceptional circumstances" the Tenth Circuit has recognized as warranting anonymity.[26] Specifically, they argue this case involves matters of a highly sensitive and personal nature and the injury being litigated would occur if they were forced to reveal their identities.[27] Both of these exceptional circumstances are addressed below.

### I. Injury Being Litigated Would Be Incurred as a Result of Disclosure

The pseudonym plaintiffs argue they should be allowed to proceed pseudonymously because disclosure of their true names will result in the very harm they seek to avoid in this litigation.[28] Specifically, they contend it would be "oxymoronic to require [them] to reveal their identities in order to present their case" where the very conduct they oppose is the government

---

[23] *U.S. Dep't of Justice v. Utah Dep't of Commerce*, No. 2:16-cv-00611, 2017 U.S. Dist. LEXIS 34882, at *3 (D. Utah Mar. 10, 2007) (unpublished) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).

[24] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).

[25] *Id.*

[26] (*See* Mot. 3, Doc. No. 8.)

[27] (*Id.* at 3–4.)

[28] (*Id.*)

requiring individuals to identify themselves "as a prerequisite to viewing constitutionally protected erotic content."[29]

For this exceptional circumstance to apply, the injury complained of cannot have already occurred.[30] Courts permit plaintiffs to proceed by pseudonym under this exception when "[p]reventing disclosure of [a plaintiff's] identity is [] the basis of [her] lawsuit,"[31] or when disclosure would destroy the very privacy right(s) she alleges to defend.[32] When evaluating whether this exception applies, courts often consider whether disclosure will have any "bearing on the outcome of [the] case."[33] When disclosure provides "little-to-no value to the underlying allegations of the complaint," courts permit plaintiffs to proceed anonymously.[34]

The pseudonym plaintiffs' fall squarely within the framework of this exception because requiring them to disclose their identities would destroy the very privacy right they seek to defend[35] (i.e., their ability to maintain anonymity with respect to the use/distribution of sexual content). This issue is at the heart of this litigation.

Additionally, requiring the pseudonym plaintiffs to disclose their identities would have little bearing on the outcome of this case. The pseudonym plaintiffs argue their facial challenge

---

[29] (*Id.* at 4.)

[30] *Doe v. Bd. of Regents of the Univ. of Colo.*, No. 21-cv-02637-RM-KMT, 2022 U.S. Dist. LEXIS 2050, at *9 (D. Colo. Jan 5, 2022) (unpublished).

[31] *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 812 n.2 (10th Cir. 2006) (unpublished).

[32] *See U.S. Dep't of Justice*, 2017 U.S. Dist. LEXIS 34882, at *2.

[33] *Id.* at *7.

[34] *Bd. of Regents of the Univ. of Colo.*, 2022 U.S. Dist. LEXIS 2050, at *11.

[35] *See U.S. Dep't of Justice*, 2017 U.S. Dist. LEXIS 34882, at *2.

regarding the constitutionality of the Act "presents purely legal challenges [that] will likely be decided on dispositive motions," which weakens the public's interest in knowing their identities.[36]

*Doe v. Board of Regents of the University of Colorado*[37] is instructive on this point. In that case, the plaintiffs sought leave to proceed by pseudonym in an action seeking to enforce "non-medical constitutional rights" regarding religious exemptions to the defendant university's policy mandating COVID-19 vaccinations.[38] After considering the countervailing interests at play, the court determined the identities of "the Plaintiffs [were] of little-to-no value to the underlying allegations [in] the complaint."[39] The court found there was a "uniquely weak public interest in knowing the litigants' identities" where the merits of the issues in the case did "not depend on the identities of the Plaintiffs, but rather on the actions of Defendants, who [were] public, governmental entities and actors."[40] The court held the public has a "very significant interest in the constitutionality of the policies of its public institutions," but that it was "the policy itself and its execution . . . that [was] on trial, not the individual Plaintiffs" asserting constitutional violations.[41]

The public interest in knowing the litigants' identities in this case is similarly weak. The names of the pseudonym plaintiffs have little bearing on the outcome of this case. While the

---

[36] (Mot. 7, Doc. No. 8.)

[37] 2022 U.S. Dist. LEXIS 2050.

[38] *Id.* at *6.

[39] *Id.* at *11.

[40] *Id.* at *12–13.

[41] *Id.* at *13.

public has a significant interest in the constitutionality of its government's policies and legislation, the identities of the plaintiffs do not affect the outcome of this litigation. The pseudonym plaintiffs' identities will provide no assistance in determining the constitutionality or unconstitutionality of the Act. For these reasons, the pseudonym plaintiffs fall within this recognized exception.

Because plaintiffs need only demonstrate they fall within one of the exceptional circumstances recognized by the Tenth Circuit, the analysis could end here. The pseudonym plaintiffs are permitted to proceed by pseudonym. Nevertheless, where the pseudonym plaintiffs have shown this case involves matters of a highly sensitive and personal nature, this factor is also addressed.

*II. Matters of a Highly Sensitive and Personal Nature*

The pseudonym plaintiffs contend their action challenges legislation which restrains their right to distribute and access sexually expressive content.[42] They argue "[t]he choice to access sexually expressive material is a sensitive and highly personal matter."[43]

For this exceptional circumstance to apply, disclosure of a plaintiff's identity must implicate "significant privacy interests."[44] "[T]he normal practice of disclosing [a] part[y's] identit[y] yields to a policy of protecting privacy in a very private matter" including situations that require "divulge[ing] personal information of the utmost intimacy" or situations where a plaintiff may have to admit they "violated state laws or government regulations or wish[] to

---

[42] (Mot. 5, Doc. No. 8.)

[43] (*Id.*)

[44] *See Nat'l Commodity*, 886 F.2d at 1245.

8

engage in prohibited conduct."[45]  Additionally, "[s]ignificant privacy interests," may include a "plaintiff['s] interest in keeping their sexual habits from public scrutiny."[46]  Indeed, courts "often allow[] parties to use pseudonyms when a case involves topics" which "fall into what may be roughly [categorized] as the area of human sexuality."[47]

The subject matter of this case—the distribution, use, and access to sexually expressive material—implicates the category of "human sexuality."  Where this category is afforded somewhat heightened privacy, it weighs against disclosure of the pseudonym plaintiffs' identities.  Further, at least one of the pseudonym plaintiffs has indicated an intent to "buy a VPN subscription" in order to circumvent the requirements of the Act and access otherwise unavailable websites.[48]  This also weighs against disclosure.

## CONCLUSION

Where the motion to proceed pseudonymously is unopposed, the injury being litigated would be felt if the pseudonym plaintiffs' identities were revealed, and this case implicates matters of a highly sensitive and personal nature, the motion[49] is granted.  Accordingly, the pseudonym plaintiffs—including the nonparty individual testifying on behalf of Plaintiff JFF Publications, LLC—may proceed pseudonymously in this action as "D.S. Dawson," "John Doe,"

---

[45] *Coe v. U.S. Dist. Court*, 676 F.2d 411, 416 (10th Cir. 1982) (internal quotation marks omitted).

[46] *W.N.J.*, 257 F.3d at 1172.

[47] *Jane Roes 1-2 v. SFBSC Mgmt., LLC,* 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (collecting cases).

[48] (Compl. ¶ 13, Doc. No. 2.)

[49] (Doc. No. 8.)

and "Dominic Ford."  However, within fourteen days, the pseudonym plaintiffs shall file the following under seal:

1. A copy of the complaint containing the true legal names of D.S. Dawson and John Doe, which shall be maintained under seal unless otherwise ordered.

2. A disclosure containing the true legal name of Dominic Ford, which shall be maintained under seal unless otherwise ordered.

DATED this 27th day of June, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge